# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  v.  **MARIUS ANDRE POPE,**  *Defendant.* | **CRIMINAL ACTION NO. 3:25-cr-00014-TES-CHW-1** |

### ORDER GRANTING UNOPPOSED MOTION TO CONTINUE

Before the Court is Defendant Marius Andre Pope's Unopposed Motion to Continue Trial in the Interest of Justice. [Doc. 28]. This is Defendant's fourth motion to continue in this case. [Doc. 20]; [Doc. 23]; [Doc. 25]; [Doc. 28]. The government does not oppose this continuance. [Doc. 28, p. 3]. Furthermore, the parties agreed to a continuance during the December 3, 2025, hearing. [Doc. 27]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

On June 10, 2025, the Grand Jury returned a two-count Indictment [Doc. 1] charging Defendant with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (b)(1), and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2). Defendant was arrested on July 2, 2025, pled "not guilty" at his arraignment the same day, and was released on an unsecured bond pending trial. [Doc. 10]; [Doc. 11]; [Doc. 12]; [Doc. 13]. The Court previously continued this case, scheduling the Pretrial Conference for December 3, 2025, and the trial for January 19,

2026. [Doc. 26, pp. 2–3].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A).

Defendant Pope requests a continuance so that counsel has more time to review discovery received on November 17, 2025, and November 25, 2025. [Doc. 28, p. 2]. The Court finds that granting a continuance serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. *See id.* Specifically, failure to grant this continuance would deny Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). For this reason, the Court **GRANTS** Defendant Pope's Unopposed Motion to Continue Trial in the Interest of Justice. [Doc. 28]. The

Court **CONTINUES** the Pretrial Conference until **January 12, 2026**, and **CONTINUES** the trial of this matter until **February 23, 2026.** The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

    **SO ORDERED**, this 9th day of December, 2025.

                                    S/ Tilman E. Self, III
                                    **TILMAN E. SELF, III, JUDGE**
                                    **UNITED STATES DISTRICT COURT**